UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK C. JACKSON,

    Plaintiff,

vs.                                                            CASE NO.  3:12-cv-957-J-99TJC-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

**REPORT AND RECOMMENDATION**[1]

This case is before the Court on Plaintiff's Social Security Complaint (Doc. #1, Complaint) and Motion to Proceed In Forma Pauperis Affidavit of Indigency (Doc. #2, IFP Motion). Upon review of the Motion to Proceed In Forma Pauperis and the Complaint, the undersigned has determined the Complaint is subject to dismissal. Because this Court is without jurisdiction to entertain Plaintiff's Social Security Complaint at this time, this Report and Recommendation enters prior to service of process upon Defendant.

Under 28 U.S.C. § 1915(a), courts may permit a litigant to proceed *in forma pauperis* if the litigant avers in an affidavit that he or she is unable to bear the fees and costs concomitant with a lawsuit. As recognized by the United States Supreme Court, "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v.*

---

[1]Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

*Williams*, 490 U.S. 319, 324 (1989).  Thus, the Court is empowered with the discretion to dismiss the action, sua sponte, if it is frivolous or malicious.  *See id.*

The statute also requires the Court to dismiss the case if it determines the action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  The Eleventh Circuit has found that courts typically should permit a *pro se* litigant who is seeking *in forma pauperis* status the opportunity to amend a deficient complaint before dismissing pursuant to § 1915 for failure to state a claim.  *Troville v. Venz*, 303 F.3d 1256, 1260, n. 5 (11th Cir. 2002).  However, in this instance, Plaintiff's own admissions dictate dismissal as Plaintiff has filed this case prior to exhausting the administrative remedies required before a district court may review a decision of the Commissioner of Social Security to deny disability benefits.  *See* Complaint at 3.

While the Motion to Proceed In Forma Pauperis indicates Plaintiff may be without sufficient resources to commence and conduct the litigation, a review of the Complaint shows Plaintiff has failed to state a valid claim upon which relief might be granted.  In this case, Plaintiff brings this action for review of the Social Security Administration's denial of disability benefits pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g).  *See generally*, Complaint.[2]  Plaintiff alleges a malicious denial of benefits and breach of liberty.  IFP Motion at 1.  Factually, Plaintiff alleges that Defendant failed to find Plaintiff disabled under the Social Security Act, and therefore, Plaintiff claims he has been prejudiced in his ability to file a civil suit in federal court due to the Commissioner's review process.  Complaint at 3.  Plaintiff states his application for disability benefits was

---

[2]Plaintiff is no stranger to litigation without counsel in federal court. *See Jackson v. Astrue,* Civ. Action No. 3:08-cv-461-J-34TEM (M.D. Fla. May 6, 2008).

denied, a hearing was held before an administrative law judge on July 14, 2012, and the ALJ concluded that Plaintiff was not entitled to disability benefits.  *Id.* at 2.  Plaintiff subsequently filed his written exceptions of the ALJ's unfavorable decision to the Appeals Council on July 30, 2012.[3]  *Id.*  Plaintiff alleges he contacted the Appeals Council by telephone and was informed that it would take thirteen (13) months or more to receive a final decision by the Appeals Council.  *Id* at 3.  Plaintiff contends this time frame for Appeals Council review is a violation of the law, and it prejudices his right to seek review of his claim in federal court.  *Id.*

Federal courts are courts of limited jurisdiction.  This Court has subject matter jurisdiction to review a decision of the Commissioner of Social Security only pursuant to 42 U.S.C. § 405(g).  Under § 405(g), a claimant may obtain judicial review of "any <u>final decision</u> of the Commissioner of Social Security."  *Id.*  Section 405(g) requires a claimant exhaust all administrative remedies before seeking review in a district court.  *Id.*  If a claimant fails to exhaust administrative remedies, there is no final decision and a district court does not have subject matter jurisdiction over the matter.

Under *Crayton v. Callahan,* the Eleventh Circuit has found that only the Commissioner, not the court, can waive the exhaustion requirement.  120 F. 3d 1217, 1221 (11th Cir. 1997).  A court has the ability to excuse the exhaustion requirement in limited circumstances.  *Id.* at 1220.  The exhaustion requirement may be excused by a court when "the only contested issue is constitutional, collateral to the consideration of claimant's claim, and its resolution therefore falls outside the agency's authority."  *Id* at 1222;  *see also,*

---

[3]Plaintiff timely filed his written exceptions to the Appeals Council. The claim is still currently under review by the Appeals Council.

3

*Stabile v. Astrue,* No. 8:11-CV-2325-T-TGW, 2012 WL 1883795 (M.D. Fla. May 22, 2012) (granting defendant's motion to dismiss for lack of jurisdiction when the Commissioner had not made a final decision, and plaintiff's claim was barred by the doctrine of *res judicata*).

The Complaint does not cite to a constitutional provision that has been violated. The allegation that Plaintiff's rights have been violated might arguably implicate constitutional provisions; however, Plaintiff alleges no facts that would support subject matter jurisdiction based on an alleged constitutional violation collateral to his claim for disability benefits. Plaintiff cites *Cushman v. Shinseki*, 576 F.3d 1290 (Fed. Cir. 2010)[4] as authority to support his allegation of a violation of the "fundamental fairness doctrine." Complaint at 3. In *Cushman,* the court held a veteran's entitlement to disability benefits for a service-connected disability is a property interest protected by the Due Process Clause because such benefits are statutorily mandated and nondiscretionary in nature. 576 F.3d at 1297. In addition, the court found evidence to indicate the Board relied on unlawfully altered medical records when it denied plaintiff benefits in which he was entitled. *Id.* at 1293. Plaintiff's reliance on this case is misplaced.

Here, Plaintiff alleges the ALJ suppressed favorable medical evidence; however, the decision indicates the ALJ considered all medical evidence in the record. *See* Complaint at 13. Furthermore, section 405(g) and agency regulations provide an adequate remedy for any potential error. It does not appear Plaintiff can maintain this suit in federal court

---

[4] *DeMont v. Bebber* declined to extend the proposition set forth in *Cushman,* finding "The Supreme Court has not, however, resolved the specific question of whether applicants for benefits, who have not yet been adjudicated as entitled to them, possess a property interest in those benefits." *DeMont v. Bebber*, No. 4:10-CV-04031-SLD, 2012 WL 1880618, at *4 (C.D. Ill. May 22, 2012). Notably, the issue in *Cushman* was one of first impression for the court. *Id.*

4

because he has failed to exhaust the administrative remedies available to him. *See Barbera v. Comm'r of Soc. Sec.,* No. 6:07-cv-1961-Orl-98KRS, 2008 WL 4194850 (M.D. Fla. Sept. 12, 2008) (adopting and confirming the Report and Recommendation to dismiss the plaintiff's request to review the decision of the Social Security Administration prior to a record of final action by the Commissioner because plaintiff had not exhausted the administrative remedies).

In this case, Plaintiff mistakenly appears to believe that his right to file a claim for review of the Commissioner's final decision will be lost in the amount of time it may take the Appeals Council to make a decision. Such a belief is not true, however. The Commissioner has not yet issued a final decision because the claim is currently being reviewed by the Appeals Council. When the Appeals Council has entered a final decision, Plaintiff will have sixty (60) days to seek review of that decision in district court. *See* 42 U.S.C. § 405(g). Only at that time will Plaintiff have exhausted his administrative remedies.

The underlying principles of the exhaustion requirement are to allow the agency to function efficiently and provide it an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review. *Crayton* at 1222.

Based on the facts alleged in the Complaint, Plaintiff cannot maintain a federal action for judicial review of the Social Security disability claim under 42 U.S.C. § 405(g). Further, no other federal law is identified as a basis for the suit. In reviewing the Complaint, the undersigned applied "the liberal construction to which pro se pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction

cannot serve as a substitute for establishing a cause of action.  The Court finds Plaintiff's Complaint fails to state a claim upon which relief can be granted.

The undersigned therefore **recommends *in forma pauperis* status be DENIED and this action be DISMISSED for lack of subject matter jurisdiction and the case closed.**

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of September, 2012.

THOMAS E. MORRIS
United States Magistrate Judge

Copies to *Pro se* Plaintiff
and counsel of record, if any