**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARK C. JACKSON,

                Plaintiff,

vs.                                          Case No. 3:12-cv-957-J-99TJC-PDB

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

_____

## <u>ORDER</u>

This case is before the Court for review of the pending motions.  Mark C. Jackson,

proceeding <u>pro</u> <u>se</u>, filed this case on August 27, 2012.  The original complaint appeared to

be seeking review of the Social Security Administration's denial of disability benefits.  <u>See</u>

Doc. 1.  Plaintiff also filed a motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  <u>See</u> Doc. 2.  Upon review

of plaintiff's complaint and motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, the Magistrate Judge issued

a Report and Recommendation recommending the complaint be dismissed for failure to state

a claim upon which relief might be granted and for failure to exhaust his administrative

remedies.  <u>See</u> Doc. 6.  At that time, the Commissioner had not issued a final decision

because plaintiff's social security claim was still under review by the Appeals Council.  <u>See</u>

<u>id.</u>  However, while the Court had the Report and Recommendation under advisement, the

Appeals Council issued its decision and on February 4, 2013, plaintiff filed an amended

complaint naming the United States as defendant and alleging denial of Social Security

disability benefits, prohibited personnel practice by the Navy, wrongdoing by the Department

of Veterans Affairs, and various civil rights and conspiracy violations. See Doc. 13. On

February 27, 2013, the Acting Commissioner filed a response to an Order of the Court[1] in

which she agreed to litigate plaintiff's appeal of the Commissioner's decision but moved to

dismiss any other claims for lack of subject matter jurisdiction and failure to state a claim.

See Doc. 15. However, before the Court could grant plaintiff in forma pauperis status on his

social security claim (as it indicated it intended to do in its February 7, 2013 Order), plaintiff

filed a second amended complaint (Doc. 17).[2]

In his second amended complaint, plaintiff named as defendants the Commissioner

of Social Security, the United States, and other unknown parties and alleged claims of denial

of Social Security disability benefits, prohibited personnel practice by the Navy, wrongdoing

by the Department of Veterans Affairs, and various civil rights and conspiracy violations.

See Doc. 17. The government moved to strike plaintiff's second amended complaint (Doc.

18). Plaintiff responded in opposition (Doc. 19) and then moved to join Judge Maurice M.

Paul and Judge Gary R. Jones as parties to his lawsuit alleging conspiracy. See Doc. 20.

On May 14, 2013, plaintiff filed a motion for default judgment against the United States. See

Doc. 22. On May 16, 2013, plaintiff filed a motion for recusal and motion to join Judge

---

[1]Because IFP status had not yet been granted, the Commissioner had not yet appeared when plaintiff filed the notice that the Appeals Council had reached a decision. The Court requested that the AUSA who typically represents the Commissioner in this District advise the Court whether the Commissioner would agree to litigate the Social Security appeal in this case (as opposed to requiring plaintiff to file a new case). See Order, Doc. 14 & Response, Doc. 15.

[2]Doc. 17 is titled "Amended Complaint"; however, it is plaintiff's second amended complaint.

Thomas E. Morris and the undersigned as defendants alleging conspiracy.  See Doc. 23.

On May 31, 2013 plaintiff filed a motion to compel production of certain documents from the

government (Doc. 25) and on July 2, 2013, plaintiff filed a third amended complaint[3] naming

additional defendants Judge Thomas E. Morris, Judge Maurice M. Paul, Judge Gary R.

Jones and the undersigned.  See Doc. 29.  On July 11, 2013, the Commissioner filed a

motion to strike plaintiff's third amended complaint.  See Doc. 30.

Shortly thereafter, and again, before the Court had an opportunity to sort through the

filings, plaintiff filed a motion to join the State of Florida and a fourth amended complaint

(Docs. 31 & 32[4]).  The Commissioner moved to strike that complaint (Doc. 33) and the

parties have each filed additional memoranda in support of their positions on various

motions.  See Docs. 34 & 35.

Plaintiff asserts in his fourth amended complaint that the federal courts have

jurisdiction over this action pursuant to 28 U.S.C. §§ 1343 and 1361 and 42 U.S.C. § 1988.

Plaintiff's complaint lists a variety of both recent and long-standing wrongs he has allegedly

endured by various state and federal courts and state and federal agencies, but none of

them support a claim under any of the named statutes.  Additionally, some of his requests

appear to be factually frivolous (such as the request that the Court award damages to

plaintiff in the amount of $10 billion so the United States can manufacture 5 million units of

---

[3]Doc. 29 is titled "Second Amended Complaint"; however, it is plaintiff's third amended complaint.

[4]Doc. 32 is titled "Third Amended Complaint"; however, it is plaintiff's fourth amended complaint.

plaintiff's solar powered upwelling pipe designed to prevent hurricanes); while the rest appear to be legally frivolous (such as the request that this Court review an adverse decision by the Department of Veteran's Affairs, a matter over which this Court has no jurisdiction).[5] While the Court still intends to permit plaintiff to proceed in forma pauperis to pursue review of the denial of his claim for disability benefits, the Court cannot permit the various unrelated and/or frivolous claims against other unrelated parties to proceed in this same lawsuit. Those claims and parties are dismissed pursuant to 28 U.S.C. § 1915.

Accordingly, it is hereby

**ORDERED:**

1.    Plaintiff's Motion to Proceed in forma pauperis (Doc. 2) is **GRANTED** only to the extent plaintiff seeks review of the denial of his claim for disability benefits.  **All other claims and parties are dismissed without prejudice pursuant to 28 U.S.C. § 1915.**

2.    No later than **January 31, 2014**, plaintiff shall file a fifth amended complaint naming only Carolyn W. Colvin, Acting Commissioner of Social Security, and raising **ONLY** his claim for review of the Commissioner's adverse decision under 42 U.S.C. § 405(g).

3.    Upon review of plaintiff's fifth amended complaint, the Court will direct the Marshal to serve summonses as provided by plaintiff to the Clerk,[6] which will in turn result

---

[5]The Court also notes that some of plaintiff's claims are duplicative of those dismissed in another lawsuit in this court.  See Jackson v. Astrue, No. 3:08-cv-461-32TEM, Doc. 62.

[6]In accordance with Fed. R. Civ. P. 4(i)(1), (2), plaintiff should prepare summonses for service on the Attorney General of the United States, the U.S. Attorney for the Middle District of Florida, and the Acting Commissioner of Social Security.  The Clerk shall include three blank summonses with plaintiff's copy of this Order.

4

in the Commissioner formally appearing and filing an answer (60 days after service as requested), whereupon the Court will set a schedule for briefing and final decision on the appeal.

      4.      The Court **DENIES AS MOOT** all other motions which remain pending in this lawsuit.

      **DONE AND ORDERED** at Jacksonville, Florida this 3rd day of January, 2014.

              TIMOTHY J. CORRIGAN
              United States District Judge

s.
Copies to:

Mark C. Jackson, pro se plaintiff

John F. Rudy, III, Esq. (AUSA - Tampa)
Suite 3200
300 North Tampa Street
Tampa, FL 33602